UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION

SCOTT ADAMS, CHARLES E. STRANGE,
JR., CHARLES STRANGE FARMS, INC.,

                    Plaintiffs,

-vs-                                                    Case No.  5:06-cv-297-Oc-10GRJ

LAURA LANGFORD, DOUGLAS
ALEXANDER, CLARENCE ALEXANDER,
FARM SERVICE AGENCY, SUMTER-
CITRUS COMMITTEE, JOHN #1 DOE,
JOHN #2 DOE, JOHN #3 DOE, JOHN #4
DOE, JOHN #5 DOE,
                    Defendants.
_____

## O R D E R

   This action purporting to allege conspiracy is before the Court for consideration of

a motion to dismiss by the Government on behalf of defendants Laura Langford, the Farm

Service Agency, the Sumter-Citrus Committee, John Doe #1, John Doe #2, John Doe #3,

John Doe #4, and John Doe #5 (collectively, the "Federal Defendants") (Doc. 7) and a

motion to dismiss by the remaining defendants, Douglas Alexander and Clarence

Alexander (Doc. 4).  The Plaintiffs, who are represented by counsel, have not responded

to either motion before the Court.  The motions are ripe for review and the Court concludes

that the Defendants' motions are due to be granted, and the Plaintiffs Complaint is due to

be dismissed without prejudice.

**Background and Facts**

The facts, as set forth in the Plaintiffs' Complaint are as follows.  During 2000, the Plaintiffs owned and operated farming properties within the area served by the Farm Service Agency and the Sumter-Citrus Committee, a local division of the Farm Service Agency.  At an undisclosed time, Douglas Alexander and Clarence Alexander entered into an agreement with the Plaintiffs to share the labor, costs and revenue from the crops grown during 2000 on a portion of the property owned by Plaintiff Charles Strange Farms. Douglas Alexander and Clarence Alexander breached the agreement by failing share the labor and costs as they had promised.

The crops on the property owned by Plaintiff Charles Strange Farms were destroyed in a disaster.  The Plaintiffs made an application to the Farm Service Agency for benefits under the 2000 Noninsured Assistance Program related to the loss of those crops. Defendants Douglas Alexander and Clarence Alexander then made a competing and allegedly fraudulent claim for benefits under the 2000 Noninsured Assistance Program related to the loss of the same crops.

When the Plaintiffs' application for benefits under the Noninsured Assistance Program was pending, Defendant Langford was the executive director of either the Farm Service Agency or the Citrus-Sumter Committee and John Doe #1, John Doe #2, John Doe #3, John Doe #4, and John Doe #5 were members of the Citrus-Sumter Committee and were agents of the Farm Service Agency.  John Doe #1, John Doe #2, John Doe #3, John Doe #4, and John Doe #5 were the persons who decided the Plaintiffs' application for

2

benefits under the Noninsured Assistance Program.  Further, the Plaintiff has alleged that John Doe #1, John Doe #2, John Doe #3, John Doe #4, and John Doe #5, "were farm owners and/or operators, and/or had friends and/or family members who were farm operators, and themselves, and/or their friends, and/or their family members, had pending applications for benefits under the year 2000 NAP for alleged losses to their year 2000 crops."  According to the Plaintiffs, the Farm Service Agency had limited funds to distribute via the year 2000 Noninsured Assistance Program, and John Doe #1, John Doe #2, John Doe #3, John Doe #4, and John Doe #5 improperly secured for themselves and their friends and families those funds rather than distributing those funds to the Plaintiffs.  During "the hearing" and "the appeal process" "one or more of the Defendants" fraudulently misrepresented material facts to the Farm Service Agency, the Citrus-Sumter Committee and the "appeal board."

On July 5, 2005, in the Circuit Court of the Fifth Judicial Circuit of Florida, in and for Hernando County, the Plaintiffs filed the Complaint, which contains two Counts, each purporting to state a claim based upon a theory of conspiracy. Count I concerns conspiracy related to fraud and Count II concerns conspiracy related to a deprivation of civil rights.  On May 19, 2006, the United States filed a Notice of Removal pursuant to 28 U.S.C. § 1442(a)(1) because the case named defendants that were federal entities.  Shortly thereafter, the Federal Defendants filed a motion to dismiss the Complaint based upon the failure of the Plaintiffs to exhaust their administrative remedies and a failure to properly

serve process upon the United States.[1]  When this case was still pending before the state court, Defendants Douglas Alexander and Clarence Alexander moved to dismiss the Complaint for failure to state a claim upon which relief can be granted and for failure to plead allegations of fraud with particularity.

## Motion to Dismiss Standard

In passing on a motion to dismiss under Rule 12(b)(6), the Court is mindful that "[d]ismissal of a claim on the basis of barebones pleadings is a precarious disposition with a high mortality rate."[2]  As the Supreme Court declared in Conley v. Gibson, a complaint should not be dismissed for failure to state a claim unless it appears "beyond doubt that the plaintiff can prove no set of facts in support of his claim that would entitle him to relief."[3]  Thus, if a Complaint "shows that the Plaintiff is entitled to any relief that the Court can grant, regardless of whether it asks for the proper relief," it is sufficiently plead.[4]  The Federal Rules of Civil Procedure "do not require a claimant to set out in detail the facts upon which he bases his claim."[5]  Instead, all that is required is that the claimant set forth a "short and plain statement of the claim" sufficient to give the defendant "fair notice of what

---

[1] Because the Court finds that the Complaint is due to be dismissed for failure to exhaust administrative remedies, it will not reach the question of whether the Federal Defendants were properly served.

[2] Int'l Erectors, Inc. v. Wilhoit Steel Erectors Rental Serv., 400 F.2d 465, 471 (5th Cir. 1968).

[3] Conley v. Gibson, 355 U.S. 41, 45-46, 78 S. Ct. 99, 101-02, 2 L. Ed. 80 (1957); see also Cook & Nichol, Inc. v. The Plimsoll Club, 451 F.2d 505 (5th Cir. 1971).

[4] Dotschay v. Nat'l Mut. Ins. Co., 246 F.2d 221 (5th Cir. 1957).

[5] Conley, 355 U.S. at 47.

4

the plaintiff's claim is and the grounds upon which it rests."[6]   However, "while notice

pleading may not require that the pleader allege a 'specific fact' to cover each element of

a claim, it is still necessary that a complaint contain either direct or inferential allegations

respecting all the material elements necessary to sustain a recovery under some viable

legal theory."[7]

## Discussion

### *The Federal Defendants*

The Government moves pursuant to Rule 12(b)(6) to dismiss the Plaintiffs' Complaint

on the ground that the Court lacks jurisdiction to address the Plaintiffs' claims against the

Federal Defendants because the Plaintiffs have failed to exhaust their administrative

remedies.   The exhaustion requirement applicable to this case is found in Title 7, which

governs the U.S. Department of Agriculture ("USDA").   7 U.S.C. § 6912(e) provides that:

> Notwithstanding any other provision of law, a person shall exhaust all administrative procedures established by the Secretary or required by law before the person may bring an action in a court of competent jurisdiction against:
> (1)      the Secretary
> (2)      the Department
> (3)      an agency, office, officer, or employee of the Department.

Thus, by statute, all administrative appeals processes established by the Secretary of

Agriculture must be completed before an action may be brought against the Farm Service

---

[6] Id.

[7] Roe v. Aware Woman Center for Choice, Inc., 253 F.3d 678, 683 (11th Cir. 2001) (quotations omitted).

Agency and its administrative divisions, officers and employees.[8]   The USDA has promulgated administrative regulations creating a National Appeals Division within the Department and requiring that "program participants shall seek review of an adverse decision before a Hearing Officer of the Division, and may seek further review by the Director under the provisions of this part prior to seeking judicial review."[9]   Adverse decisions that must be appealed to the National Appeals Division include the "denial of participation in, or receipt of benefits under, any program of an agency."[10]

The Plaintiffs purport to seek relief relating to the denial of their application to the Farm Service Agency for funds under the USDA's Noninsured Assistance Program.  The Plaintiffs have alleged that they made an application for benefits under the Noninsured Assistance Program, and they assert in the Complaint that they were involved in some form of "appeals."  However, there is no allegation in the Complaint that the Plaintiffs appealed to the National Appeals Division of the USDA the adverse decision complained of now, nor that they received any decision from the Division, nor, more generally, that the Plaintiffs have exhausted their administrative remedies.  Accordingly, the Plaintiffs' Complaint fails to state a claim against the Farm Service Agency, or any division, employee

---

[8] See Ace Property & Cas. Ins. Co. v. United States, 60 Fed. Cl. 175, 181-84 (Fed. Cl. 2004) ("[T]he statutory provision mandating exhaustion contained in 7 U.S.C. § 6912(e) is explicit. Congress' intent in enacting the FCIA was to require plaintiffs to exhaust all administrative remedies before bringing suit.")

[9] 7 C.F.R. § 11.2.

[10] 7 C.F.R. § 11.3.

or agent of that agency, because the Plaintiffs have failed to allege in the Complaint that they have exhausted their administrative remedies.

### *Douglas Alexander and Clarence Alexander*

Defendants Douglas Alexander and Clarence Alexander move to dismiss the Plaintiffs' Complaint on the grounds that the Plaintiffs failed to state a claim upon which relief may be granted.  As already stated, in order to survive a Rule 12(b)(6) motion to dismiss, a complaint must contain "direct or inferential allegations respecting all the material elements necessary to sustain a recovery under some viable legal theory." Further, Rule 9 provides that: "In all averments of fraud or mistake, the circumstances constituting fraud or mistake shall be stated with particularity."

In Count I, the Plaintiffs alleged that:

> The Defendants conspired, between and/or among themselves, fraudulently to deprive, and did fraudulently deprive, the Plaintiffs from the benefits, emoluments, rights, and privileges under the NAP to which the Plaintiffs were entitled, to the joint and several enrichment of the Defendants, and at the expense of the Plaintiffs.

A liberal reading of the allegations in Count I leads the Court to interpret that Count as attempting to state a claim for conspiracy to commit fraud under Florida law.  However, Count I fails to state the circumstances constituting fraud or mistake with particularity as required by Rule 9(b).  Indeed, a review of Count I leaves the Court with absolutely no idea of what the alleged fraud consisted, nor any clue as to what role Defendants Douglas Alexander and Clarence Alexander played in the alleged fraud or conspiracy.  Further, although paragraph 11 of the Complaint alleges that the fraud consisted of fraudulent

7

misrepresentations of fact to the "Agency and/or the to the Committee," the Plaintiffs failed to specify any circumstances concerning the alleged misrepresentations, including by whom they were made.  Accordingly, Count I must be dismissed for failure to state a claim upon which relief may be granted and failure to comply with the requirements of Rule 9(b).

In Count II, the Plaintiffs alleged that:

> The Defendants conspired to deprive, and did deprive, the Plaintiffs of the civil rights and liberties guaranteed to the Plaintiffs by both the constitutions and laws of both the United States of America and the State of Florida, with regards to the benefits, emoluments, rights, and privileges to which they were entitled under the terms of the year 2000 NAP.

A liberal reading of the allegations in Count II leads the Court to interpret that Count as attempting to state a claim for conspiracy to violate the Plaintiffs' civil rights.  However, the Plaintiffs have failed to specify what law or civil right of the United States or of Florida that the Defendants allegedly conspired to violate.  Nor can the Court determine under what theory of law the Plaintiffs are proceeding with this claim, i.e., is this a state law claim or a claim pursuant to 42 U.S.C. § 1983?  Thus, the Complaint is not sufficient to give the Defendants "fair notice of what the plaintiff's claim is and the grounds upon which it rests."[11] Accordingly, Count II must be dismissed for failure to state a claim upon which relief can be granted.

---

[11] Id.

## Conclusion

Upon due consideration and for the forgoing reasons, it is ordered that:

(1)     the motion to dismiss by the Government on behalf of Laura Langford, the Farm Service Agency, the Sumter-Citrus Committee, John Doe #1, John Doe #2, John Doe #3, John Doe #4, and John Doe #5 (Doc. 7) is GRANTED;

(2)     the motion to dismiss by Douglas Alexander and Clarence Alexander (Doc. 4) is GRANTED;

(3)     the Plaintiffs' Complaint is dismissed without prejudice; and

(4)     the Plaintiffs shall have twenty (20) days within which to file an amended complaint correcting the deficiencies described in this Order, failing which the Clerk is directed to enter judgment against the Plaintiffs without prejudice.

IT IS SO ORDERED.

DONE and ORDERED at Ocala, Florida this 26th day of October, 2006.

_____
UNITED STATES DISTRICT JUDGE

Copies to:   Counsel of Record
             Maurya McSheehy

9